OPINION
{¶ 1} In her capacity as an affiliated sales associate of the Realty Executives Commitment Brokerage, appellant Linda Wilds sponsored the sale of real estate located on Fairmont Boulevard, as the agent representing the buyer. Another brokerage represented the seller. The property had been listed for sale at a price of $32,500. The property sold for $32,000 pursuant to a contract dated October 20, 2000, which appellant helped negotiate. The buyer of the property was an entity named St. Seton Village, Inc., and the seller was the First Bank National Association. The settlement statement indicated that distributions of $960 were made to the two participating brokerages, as payment of their customary real estate commissions.
 {¶ 2} A business relationship of some sort developed between appellant and Darcie Stefansky, who was the representative of St. Seton Village. Appellant apparently assumed some secondary dual role as a partner in the transaction, involving an ownership or participatory interest. Appellant failed to denote her secondary role in the transaction in any documentation she was involved in preparing concerning the sale. However, as a direct consequence of this role, there were additional compensation payments made to Stefansky and to appellant out of the settlement proceeds. Each was directly paid $7497.64, respectively, by the closing agency, which is denoted on the settlement statement as payment for "repairs".
 {¶ 3} An investigation was initiated by appellee Ohio Department of Commerce, Division of Real Estate and Professional Licensing, after a written complaint was filed by Deiter Wilkens, who had some type of relationship with Stefansky. Appellant was charged with collecting money for so-called repairs in connection with a real estate transaction involving the subject property, without consent of the broker, and in her own name, rather than the name of the brokerage. Appellee conducted a formal hearing on April 25, 2002, and the hearing examiner issued findings of fact and conclusions of law on May 3. On July 16, 2002, the commission adopted the findings and conclusions of the hearing examiner, and found appellant had violated R.C. 4735.21 and R.C. 4735.18 (A)(6). Appellant's brokerage license was revoked. Appellant sought reconsideration of the order. On October 30, 2002, the commission found the same violation, but modified the penalty to 90 days suspension of appellant's license, fined her $500, and ordered her to participate in a ten hour post-licensure course.
 {¶ 4} Appellant appealed this finding to the Stark County Common Pleas Court. The court affirmed the decision of appellee. Appellant assigns a single error to this court:
 {¶ 5} "The court of common pleas (and the Ohio Division of Real Estate and Professional Licensing) erred in holding that revised code4735.21 requires a real estate broker to receive money from a real estate closing in the name of her broker, when the money received is a distribution of loan proceeds to her rather than a commission or other compensation for the transaction."
 {¶ 6} In reviewing a decision of a common pleas court which determines whether an agency's order is supported by reliable, probative and substantial evidence, this court must determine whether the trial court abused its discretion. Wagner v. Ohio Department of Human Services
(September 25, 2000), Fifth District No. 99-89. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for that of the administrative agency or the trial court. Id., citing Pons v. Ohio State Medical Board (1993),66 Ohio St.3d 619.
 {¶ 7} Appellant was charged with committing a violation of R.C. 4735.21, which provides in pertinent part:
 {¶ 8} No real estate salesman or foreign real estate salesman shall collect any money in connection with any real estate or foreign real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of and with the consent of the licensed real estate broker or licensed foreign real estate dealer under whom he is licensed.
 {¶ 9} Appellant argues that because a separate commission was paid for her participation as a sales agent, the additional payment for what the settlement statement describes as repairs is exempt from R.C. 4735.21. She argues that because she was also an investor, she was occupying a dual role, and that in her role as investor, the repair money was not connected with the real estate brokerage transaction.
 {¶ 10} Appellant's reliance on Termarc Management Company v. 2216Warrensville Center Partners (March 9, 1995), Eighth Appellate District No. 6798, is misplaced. Termarc addresses the issue of whether an individual who was both a part owner in a property and a real estate sales person may maintain a cause of action for a commission. This case speaks to a different portion of R.C. 4735.21 than the provision at issue in the instant case.
 {¶ 11} We reject appellant's argument that money paid directly to her for "repairs" is not connected to the real estate transaction. The statute as quoted above is broadly worded, preventing a sales agent from collecting any money, whether as a commission, deposit, payment, rental, or otherwise, without full disclosure. It is undisputed that appellant, acting as a licensed real estate sales person representing the purchaser, also received a check in her name directly from the title agency conducting the closing and settlement, without the knowledge or consent of her broker. Appellant's activity falls directly within the language of the statute, and the court did not abuse its discretion in finding the order of the commission supported by reliable, probative, and substantial evidence.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} The judgment of the Stark County Common Pleas Court is affirmed.
Farmer, J., and Edwards, J., concur.